# W. R. POTTS ET AL. v. AMANDA TAYLOR ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY.

Argued February 19, 1891—Decided March 9, 1891.

(a) A negotiable note was drawn in the name of "J. Taylor & Co., per E. Bast," payable to the order of Bast, who had been, but prior to the date of the note had ceased to be, a member of said firm.   The note was then negotiated by Bast, and the proceeds applied to his individual use:

1. The plaintiff, a customer of said firm, and a bona fide purchaser of the note before maturity, in due course of business and without notice that Bast had ceased to be a partner, was entitled to recover from the firm; and the fact that the note was drawn to the order of Bast created no duty of inquiry.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 61 January Term 1891, Sup. Ct.; court below, No. 117 July Term 1885, C. P.

Charge of Court below.

On May 19, 1885, William R. Potts and others, surviving partners of Frederick A. Potts, deceased, lately trading as Frederick A. Potts & Co., brought assumpsit against Amanda Taylor and others, executors of Jeremiah Taylor, deceased, and Emanuel Bast. The defendants pleaded non-assumpsit, payment, payment with leave, etc.

At the trial on November 25, 1889, the plaintiffs proved and put in evidence a note for $2,500, dated February 2, 1885, drawn by "Jeremiah Taylor & Co. per E. Bast," payable to the order of Emanuel Bast, and indorsed by Emanuel Bast. It was then made to appear that Emanuel Bast, up to October 4, 1884, was a partner with Jeremiah Taylor in the business of mining coal, and Frederick A. Potts & Co. were engaged in buying and selling coal and dealt with Jeremiah Taylor & Co.; that about October 4, 1884, Emanuel Bast assigned what interest he had in the firm of Jeremiah Taylor & Co. to Jeremiah Taylor, but no notice of his ceasing to be a member of the firm was given to Frederick A. Potts & Co. before their purchase of the note in suit; that up to that time Frederick A. Potts & Co. received bills in the name of the firm of Jeremiah Taylor & Co., and paid such bills with checks drawn to the order of Jeremiah Taylor & Co.; that said Emanuel Bast, on January 2, 1885, made the note in suit to his own order, signed the name of Jeremiah Taylor & Co. thereto, "per E. Bast," indorsed it, and applied the proceeds of it to his own use ; that said Frederick A. Potts & Co. purchased said note for value before maturity, paying the sum of $2,432.70 therefor; that Jeremiah Taylor usually transacted the business of his firm, but there was no evidence that Frederick A. Potts & Co. knew this fact, or knew anything whatever of the relation between Bast and Taylor, or that they were acquainted with the handwriting of Jeremiah Taylor.

At the close of the testimony, the court, GREEN, J., charged the jury : ·

Gentlemen of the jury : A question of law has been raised, in this case, as to the manner in which the note is drawn, which question the court proposes to reserve. For the present, we say to you that the plaintiffs are entitled to a verdict against the defendants for the amount of the note with interest. The

court in the meantime will reserve the question of law as to whether the defendants ought to be or can be held for the payment of the note; exception.[1]

—The jury returned a verdict for the plaintiffs for $3,185.66. Thereupon, the court directed a rule to be entered to show cause why judgment should not be entered in favor of the executors of Jeremiah Taylor, deceased, non obstante veredicto, on the following point reserved, to wit:

" That the said note was drawn by Jeremiah Taylor & Co., per E. Bast, to the order of Emanuel Bast, and indorsed by the said Emanuel Bast; and, the proceeds of the said note having been received by the said Bast and never applied for the benefit of the said firm, said plaintiffs were put upon inquiry as to the consideration of said note, and having failed to make inquiry, that the verdict must be in favor of the executors of Jeremiah Taylor, deceased."

On June 30, 1890, the rule for judgment non obstante veredicto was discharged, and judgment directed to be entered for the plaintiffs on the verdict; exception.[2]

Judgment having been entered, the defendants took this appeal, assigning for error:

1. The direction to the jury to find for the plaintiffs.[1]

2. The refusal of judgment for the defendants, non obstante veredicto, on the point reserved.[2]

*Mr. John W. Ryon* (with him *Mr. Wm. A. Marr*), for the appellants.

Counsel cited: Tanner v. Hall, 1 Pa. 417; Cooper v. McClurken, 22 Pa. 80; Bowman v. Cecil Bank, 3 Gr. 33; Sedgwick v. Lewis, 70 Pa. 217; Miller v. Consolidation Bank, 48 Pa. 517.

*Mr. Guy E. Farquhar*, for the appellees.

Counsel cited: Haldeman v. Bank, 28 Pa. 440; Moorehead v. Gilmore, 77 Pa. 118; Battles v. Laudenslager, 84 Pa. 452; McSparran v. Neeley, 91 Pa. 26.

PER CURIAM:

We think judgment was properly entered upon the verdict. It was not seriously denied that Bast was a member of the firm

of Jeremiah Taylor & Co. up to October 4, 1884; that no notice of the dissolution of the firm had been given; and that the plaintiffs were holders for value of the note in controversy, before maturity. This would entitle the plaintiffs to recover, unless notice in some way had been brought home to them that Bast was making an improper use of the firm name. No such notice in fact was alleged, but it was contended there was enough on the face of the note, with other circumstances, to put Frederick A. Potts & Co. upon inquiry. The fact that the latter had previously received several bills from the firm, all of which were in the handwriting of Jeremiah Taylor, amounts to little. The fact that the note was drawn to the order of Bast, amounts to less: Haldeman v. Bank, 28 Pa. 440; Moorehead v. Gilmore, 77 Pa. 118. The latter proposition is fully discussed in those cases.

Judgment affirmed.